UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUE SCORSONE,

        Plaintiff,                      Case No. 13-cv-14418

v                                               Honorable Thomas L. Ludington

WAL-MART STORES, INC.,

        Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Defendant Wal-Mart moves to dismiss Plaintiff Scorsone's Family Medical Leave Act ("FMLA") interference claims. Scorsone, a former employee, claims that Wal-Mart interfered with her FMLA rights when it failed to provide her with FMLA notices and then failed to reinstate her to an equivalent position when she returned to work. Because Scorsone has not plausibly shown any prejudice resulting from the alleged FMLA interference, those claims are dismissed. However, Scorsone is granted leave to amend her complaint in order to allege a claim for FMLA retaliation.

**I**

On September 12, 2008, Wal-Mart hired Scorsone to work in its Vision Center. Compl. ¶ 5, ECF No. 1. About four years later, on July 29, 2012, Scorsone suffered a significant injury to her right leg. *Id*. at 6. Scorsone sought treatment at Covenant Hospital, where she learned that she had a right tibia/fibia fracture and left calcaneal spurring that required surgery. *Id*. at 8. That same day, she informed her immediate supervisor that she had hurt her leg. *Id*. at 7. Scorsone underwent surgery the next day, July 30, 2012. *Id*. at 9.

On August 2, 2012, Scorsone transferred to Covenant's inpatient rehabilitation center for two weeks. *Id*. at 10. On August 6, 2012, Scorsone submitted a request for a medical leave of absence pursuant to Wal-Mart's policies and the FMLA. *Id*. 11. Scorsone requested leave from July 29, 2012, to February 1, 2013, a period of just over 26 weeks. Mot. to Dismiss Ex. 1 at 1, ECF No. 10. She stated that the probable duration of her condition would be "6 mnths." and that she would be unable to perform "all functions" of her job during that time. *Id*. at 4. She estimated that the 26-week leave requested "reflect[ed] the duration of the associate's inability to work . . . ." *Id*. Scorsone believed that when she returned to work in February 2013, she would need "shorter days initially" with "f/u appts 2-3 a mth." *Id*.

About four months after Scorsone submitted her medical leave request, on December 4, 2012, Scorsone received a letter from Wal-Mart's human resources approving her FMLA leave request. Mot. to Dismiss Ex. 2. The letter included a FMLA Notice of Designation, which stated that "[a]ll leave taken for this reason will be designated as FMLA leave up to the maximum of your available FMLA leave time." *Id*. The Notice of Designation informed Scorsone she was entitled to 12 weeks of FMLA leave, *id*., which would expire on November 15, 2012—a date two weeks prior to the day the Notice of Designation was sent. Mot. to Dismiss Ex. 3.

The letter accompanying the Notice of Designation informed Scorsone that if she was unable to return to work by December 1, 2012—two days before Scorsone received the letter—her position at the Vision Center would be posted and possibly filled. *Id*. The letter went on to explain that if Scorsone was unable to return to work after the FMLA time period expired, she could request additional time under Wal-Mart's Personal Leave policy. *Id*.

After Scorsone received the Notice of Designation and the letter, she attempted to contact Wal-Mart's human resources department. ¶ 14. The HR representative, Olympia Gully, was

- 2 -

unavailable and did not return Scorsone's phone calls until December 11, 2012. *Id*. at 19. At that time, Gully informed Scorsone that she was no longer employed at the Vision Center. *Id*. Gully then repeated the information from the earlier correspondence: that Scorsone could request additional leave under the Personal Leave Policy. Gully agreed to provide Scorsone with the necessary paperwork. *Id*. at 20-21. Scorsone would then have fifteen days to return the paperwork. *Id.* at 22.

Scorsone received the paperwork for her medical leave extension on December 20, 2012. *Id.* at 23. Scorsone attempted to have her physician complete the paperwork, but discovered that her physician would be out of the office until January 7, 2013. *Id*. at 24. Scorsone's physician ultimately completed the paperwork and returned it to Wal-Mart on January 10, 2013. *Id*. at 25.

On January 23, 2013, Gully informed Scorsone that Wal-Mart had not received the paperwork from Scorsone's physician within the time period provided for in Wal-Mart's Personal Leave policy. *Id*. at 26. As a result, Scorsone remained unemployed by Wal-Mart.

## II

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 570).

## III

The FMLA affords an eligible employee up to twelve weeks of leave within a twelve month period when the employee suffers from "a serious health condition that makes the employee unable to perform the functions of [his] position." 29 U.S.C. § 2612(a)(1)(D). Under the FMLA it is "unlawful for any employer to interfere with, restrain or deny the exercise of or the attempt to exercise [the] right to such leave." 29 U.S.C. § 2612(a)(1). Actions brought for violations of 29 U.S.C. § 2612(a)(1) are commonly referred to as "interference" claims.

To succeed on an FMLA interference claim, "an employee must prove, as a threshold matter, that the employer violated [29 U.S.C.] § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights. Even then, § 2617 provides no relief unless the employee has been prejudiced by the violation." *Ragsdale v. Wolverine World Wide, Inc.*, 538 U.S. 81, 89 (2002); *see also Fink v. Ohio Health Corp.*, 139 F. App'x 667, 671 (6th Cir. 2005) ("An employer's failure to comply with the notice requirements of the FMLA only supports a cause of action where the inadequate notice effectively interfere[s] with plaintiff's statutory rights.").

Scorsone claims that Wal-Mart violated her FMLA rights in two ways. First, she alleges that Wal-Mart failed to provide her with the FMLA notifications as required by 29 C.F.R. § 825.300(b)(1). Second, she alleges that Wal-Mart failed to restore her to her original job position in violation of 29 U.S.C. § 2614(a). Scorsone further claims that Wal-Mart should be equitably estopped from arguing that she received the full twelve weeks of leave provided by FMLA as a defense.

**A**

In her complaint, Scorsone first contends that Wal-Mart violated her FMLA rights by failing to provide her FMLA notifications, including an eligibility notice, a rights and responsibilities notice, and a designation notice. Compl. ¶ 37, 41, 44.

"When an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days . . . ." 29 C.F.R. § 825.300(b)(1). "Failure to follow the notice requirements set forth in [§ 825.300] may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights." 29 C.F.R. § 825.300(e). However, to reiterate, a cause of action for interference only arises if the employer denied the employee FMLA benefits to which she was entitled. *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 613 (6th Cir. 2013).

Here, there is no dispute that Wal-Mart did not provide Scorsone with the notices required by the FMLA in a timely manner. Instead of notifying Scorsone within five business days, 29 C.F.R. § 825.300(b)(1), Wal-Mart provided a designation on December 4, 2012—116 days after Scorsone submitted a request for FMLA leave and 3 days after Scorsone's FMLA leave expired.

But there is also no dispute that Scorsone was unable to return to work until mid-February 2013, which would be more than two months after her FMLA leave expired. On her original FMLA leave request form, Scorsone requested medical leave until February 1, 2013. Mot. Dismiss Ex. 1 at 2. She asserted that the probable duration of her condition would be "6 mnths.," *id*. at 4, because she would need "Inpatient rehab for 2 weeks then Home Care for 8-12 wks." *Id*. She also acknowledged that she would be unable to perform "all functions" associated

with her job description during that time. *Id*. Finally, once she returned to work in February, she estimated that she would need to work "shorter days initially" while also making time to attend 2-3 follow-up appointments per month. *Id*. at 5.

After Scorsone received the designation notice from Wal-Mart informing her that her FMLA-leave extended only until November 15, 2012, Scorsone sought to extend her medical leave until February 15, 2013—but under the Personal Leave Policy because she had exhausted her FMLA leave. Mot. to Dismiss Ex. 4 at 1. Scorsone does not argue that she would have been able to return to work when her FMLA leave ended on November 15, 2012, or by December 1, 2012, the deadline for her to return to work.

Instead, Scorsone argues that if she had received a timely FMLA notice, she would have been better informed as to how she could have structured her leave. Resp. 15 n. 3, ECF No. 12. She does not, however, explain how she could have structured her leave any differently. According to her medical leave requests, Scorsone anticipated that she would need no less than fourteen weeks to recover from her leg injury. Mot. Dismiss Ex. 1 at 4. Because she needed more than the FMLA-provided twelve weeks to recover, she would need to take additional leave as permitted by Wal-Mart's Personal Leave policy. Wal-Mart informed Scorsone in its December 4, 2012 correspondence that "[i]f you do not wish to return to work, you may request an extension of your leave . . . . However, associates on Personal Leave are not guaranteed their previous position when they wish to return to work." Mot. Dismiss Ex. 3 at 1. So, too, did Olympia Gullly on December 11, 2012, when she also agreed to furnish all the necessary forms. Scorsone was ultimately terminated because she was unable to timely provide the documents required under Wal-Mart's Personal Leave policy.[1] Compl. ¶ 26-27. Because Wal-Mart's

---

[1] Wal-Mart's tardy notice concerning its procedure for applying for Personal Leave may have made it more difficult for Scorsone to timely apply for Personal Leave, but it did not affect the FMLA leave she received.

Personal Leave was only available after she exhausted her FMLA leave, Scorsone could not have scheduled her leave any differently.

The lack of notice is a violation of the notice requirements embodied in 29 C.F.R. § 825.300, but "the FMLA provides no relief unless the Plaintiff has been prejudiced by the violation." *Harris v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, 594 F.3d 476, 482 (6th Cir. 2010). Scorsone does not explain how she could have returned to work at the end of her FMLA leave either because she was well enough to return or because she could have scheduled her FMLA leave in some other way. Regardless of whether Wal-Mart provided timely notice of Scorsone's leave as FMLA, she had to take medical leave and could not return to work. Therefore, any lack of notice did not interfere with Scorsone's FMLA rights.

**B**

Scorsone next argues that Wal-Mart interfered with her FMLA rights by refusing to restore her to her position in the Vision Center when she returned. The FMLA provides that an employee returning from FMLA leave "shall be entitled, on return from such leave . . . to be restored by the employer" to his prior position or an equivalent position with the same conditions of employment. 29 U.S.C. § 2614(a).

However, employees who remain "unable to perform an essential function of the position because of a physical or mental condition have no right to restoration to another position under the FMLA." *Verhoff v. Time Warner Cable, Inc.*, 299 F. App'x 488, 496 (6th Cir. 2008) (quoting 29 C.F.R. § 825.214(b)). "An employer does not violate the FMLA when it fires an employee who is indisputably unable to return to work." *Id.* (citing *Edgar v. JAC Prods.*, 443 F.3d 501, 514 (6th Cir. 2006). In other words, the FMLA does not require an employer to retain an employee who cannot do her job. *Id.*

Here, Scorsone admitted that she would not be able to perform the essential functions of her position when her FMLA leave ended. On her FMLA leave request form, she indicated that Wal-Mart had provided her a list of her essential job functions or a job description. Mot. to Dismiss Ex. A at 4. She checked "Yes" in response to the question "Is the associate unable to perform any his/her job functions due to the condition?" *Id*. Scorsone then clarified that she would be unable to perform "all functions" related to her job in the Vision Center. *Id*. Scorsone estimated that she would be unable to work between July 29, 2012, and February 1, 2013—a total of 26 weeks. *Id*. Scorsone has not pleaded or indicated that she would have been able to return to work and perform her essential job functions by December 1, 2012. Indeed, the pleadings indicate the opposite: that Scorsone was not able to complete her essential job functions as of December 1, 2012.

Scorsone cites *Lafata v. Church of Christ Home for Aged*, 325 F. App'x 416, as standing for the proposition that an employer is required to reinstate an employee who takes a FMLA leave of absence for longer than twelve weeks. In *Lafata*, the Sixth Circuit held that an employee on FMLA leave had the right to be restored to an equivalent position despite the fact that her FMLA-approved leave was longer than 12 weeks. *Lafata* is distinguishable from Scorsone's situation in two key aspects. First, the employer in *Lafata* explicitly stated that the employee's FMLA leave would extend until October 20, 2003. When the employee attempted to return to work three days early on October 17, 2003, she was within the FMLA time period acknowledged by her employer. Second, there is no indication that the employee in *Lafata* was unable to complete the essential functions of her job when she returned. Unlike the employee in *Lafata*, Scorsone has not claimed that she attempted to return to work within the time period protected by FMLA, nor has she claimed that she was able to perform the essential functions of her job at

that time. *Lafata* is inapposite to the current case because Scorsone has not pleaded that she was able to return to work within the time provided by FMLA. In sum, Scorsone has not stated a claim for failure to return under the FMLA.

## C

Scorsone next argues that Wal-Mart is equitably estopped from asserting its defense that she had used up all her FMLA leave. She states that because the designation notice used the future tense—her leave "will be designated" and her time off "will be counted"—the notice only designates future leave as FMLA leave and she is entitled to 12 weeks of FMLA leave from the date of the notice. Therefore, she argues, Wal-Mart should be estopped from designating her FMLA leave retroactively.

To prevail on her equitable estoppel argument, Scorsone must show that (1) Wal-Mart made a definite misrepresentation as to a material fact, (2) Scorsone reasonably relied on that misrepresentation, and (3) Scorsone suffered a detriment due to reasonably relying on that misrepresentation. *Dobrowski*, 571 F.3d 551, 557 (6th Cir. 2009). In other words, an equitable estoppel claim requires actual reliance on the misrepresentation. *Dobrowski v. Jay Dee Contractors, Inc.*, 571 F.3d 551, 556-57 (6th Cir. 2009); *Heckler v. Comm. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 59 (1984) ("Thus, the party claiming the estoppel must have relied on its adversary's conduct in such a manner as to change his position for the worse and that reliance must have been reasonable . . . .") (quotation marks omitted).

Even assuming that, taken in a light most favorable to Scorsone, the designation notice could be reasonably interpreted to apply only prospectively, Scorsone has not pleaded any facts to indicate that she relied on that misrepresentation. Scorsone has not stated that she attempted to take FMLA leave after she received the November 15 notice; instead, she applied for personal

leave. Nor does she state that she was able to return to work or to structure her leave differently. Scorsone has not pleaded any facts illustrating that she "changed her position" in reliance on her belief that her FMLA leave applied prospectively. Accordingly, Scorsone has not pleaded facts to show that equitable estoppel should apply.

## IV

After the parties had completed a round of briefing regarding Wal-Mart's motion to dismiss Scorsone's complaint, Scorsone filed a motion for leave to file an Amended Complaint. ECF No. 15. Scorsone seeks to amend her complaint to add one count of FMLA retaliation in violation of 29 U.S.C. § 2615(a)(2). *Id*. at ¶ 3. Wal-Mart does not oppose Scorsone's motion to amend the complaint. Resp., ECF No. 16.

Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has held that "Rule 15 plainly embodies a liberal amendment policy." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). "[G]enerally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011). Courts have routinely granted parties leave to amend their complaints to include additional claims. Charles Alan Wright, et al., 6 Fed. Practice & Procedure § 1474 (2010).

Here, the Court finds that justice requires that Scorsone be granted leave to amend her complaint. Scorsone has not previously amended her complaint or sought leave to amend. The case is still in its earliest stages, and Wal-Mart will not be prejudiced by the addition of another claim under the FMLA. Therefore, Scorsone is granted leave to amend her complaint to include a claim for FMLA retaliation.

## V

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED**.

It is further **ORDERED** that Plaintiff's interference claims under § 29 U.S.C. § 2615(a)(1) of the FMLA are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's motion for leave to file an amended complaint (ECF No. 15) is **GRANTED**. Plaintiff Scorsone is **DIRECTED** to file an amended complaint on or before **February 26, 2014**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 19, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 19, 2014.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---