UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUE SCORSONE,

                        Plaintiff,                          Case No. 13-cv-14418

v                                               Honorable Thomas L. Ludington

WAL-MART STORES, INC.,

                        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT**

Plaintiff Sue Scorsone brought this action against her former employer, Wal-Mart.  She originally asserted only a claim for Family Medical Leave Act ("FMLA") interference, but she later amended her complaint to assert a claim for FMLA retaliation.

The Court has previously dismissed Scorsone's FMLA interference claim, leaving only her claim for FMLA retaliation, which Wal-Mart has now moved to dismiss.  However, because Scorsone has sufficiently alleged a claim for FMLA retaliation, Wal-Mart's motion to dismiss will be denied.

**I**

On September 12, 2008, Wal-Mart hired Scorsone to work in its Vision Center.  Am. Compl. ¶ 5, ECF No. 18.  About four years later, on July 29, 2012, Scorsone suffered a significant injury to her right leg.  *Id*. at 6.  Scorsone sought treatment at Covenant Hospital, where she learned that she had a right tibia/fibia fracture and left calcaneal spurring that required surgery.  *Id*. at 8.  That same day, she informed her immediate supervisor that she had hurt her leg. *Id*. at 7.  Scorsone underwent surgery the next day, July 30, 2012.  *Id*. at 9.

On August 2, 2012, Scorsone transferred to Covenant's inpatient rehabilitation center for two weeks. *Id.* at 10. On August 6, 2012, Scorsone submitted a request for a medical leave of absence pursuant to Wal-Mart's policies and the FMLA. *Id.* 11. Scorsone requested leave from July 29, 2012, to February 1, 2013, a period of just over 26 weeks. Mot. to Dismiss Ex. 1 at 1, ECF No. 19. She stated that the probable duration of her condition would be "6 mnths." and that she would be unable to perform "all functions" of her job during that time. *Id.* at 4. She estimated that the 26-week leave requested "reflect[ed] the duration of the associate's inability to work . . . ." *Id.* Scorsone believed that when she returned to work in February 2013, she would need "shorter days initially" with "f/u appts 2-3 a mth." *Id.*

About four months after Scorsone submitted her medical leave request, on December 4, 2012, Scorsone received a letter from Wal-Mart's human resources approving her FMLA leave request. Mot. to Dismiss Ex. 2. The letter included a FMLA Notice of Designation, which stated that "[a]ll leave taken for this reason will be designated as FMLA leave up to the maximum of your available FMLA leave time." *Id.* The Notice of Designation informed Scorsone she was entitled to 12 weeks of leave, *id.*, which would expire on November 15, 2012—a date two weeks prior to the day the Notice of Designation was sent. Mot. to Dismiss Ex. 3.

The letter accompanying the Notice of Designation informed Scorsone that if she was unable to return to work by December 1, 2012—two days before Scorsone received the letter— her position at the Vision Center would be posted and possibly filled. *Id.* If Scorsone was unable to return to work, she could request additional time under Wal-Mart's Personal Leave policy. *Id.*

After Scorsone received the Notice of Designation and the letter, she attempted to contact Wal-Mart's human resources department.  Am. Compl. ¶ 17.  The HR representative, Olympia Gully, was unavailable and did not return Scorsone's phone calls until December 11, 2012.  *Id.* at 19.  At that time, Gully informed Scorsone that she was no longer employed at the Vision Center.  *Id.*  Gully then explained that Scorsone could request an extension of her medical leave and agreed to provide Scorsone with the necessary paperwork.  *Id.* at 20-21.  Scorsone would then have fifteen days to return the paperwork.  *Id.* at 22.

Scorsone received the paperwork for her medical leave extension on December 20, 2012. *Id.* at 23.  Scorsone attempted to have her physician complete the paperwork, but discovered that her physician would be out of the office until January 7, 2013.  *Id.* at 24.  Scorsone's physician ultimately completed the paperwork and returned it to Wal-Mart on January 10, 2013.  *Id.* at 25. On January 23, 2013, Gully informed Scorsone that she was terminated because Wal-Mart had not received the paperwork from Scorsone's physician.  *Id.* at 26.

## II

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).  In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true.  *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).  The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### III

Scorsone asserts that Wal-Mart retaliated against her for taking FMLA leave by denying her request for personal leave after her FMLA leave expired. A plaintiff establishes a prima facie case of FMLA retaliation by showing the following:

> (1) she was engaged in an activity protected by the FMLA; (2) the employer knew that she was exercising her rights under the FMLA; (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action.

*Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 556 (6th Cir. 2006) (citing *Arban v. West Publ'g Corp.*, 345 F.3d 390, 404 (6th Cir. 2003). Scorsone bears the burden of demonstrating a causal connection: She must show "that the employer's stated reason for terminating her was pretextual and that the true reason for her dismissal was her medical leave." *Id.*

### A

Wal-Mart contends that Scorsone has not carried her burden of demonstrating a causal connection because she was unable to return to work after the end of her FMLA leave. Wal-Mart cites to several opinions in this circuit establishing that, if an employee is unable to return to work at the end of her FMLA leave, then an employer has a valid, non-discriminatory reason for terminating that employee's employment. *See Heidger v. Gander Mountain Co.*, 2011 WL 3665155, at *4 (E.D. Mich. 2011); *Killian v. Yorozu Auto. Tenn.*, 454 F.3d 549, 556 (6th Cir. 2006)( "Killian was not terminated because she departed [for medical leave]; she was terminated because she failed to return.").

- 4 -

However, Scorsone's retaliation claim is not based on her termination; rather, she alleges that Wal-Mart retaliated by denying her request for personal leave. Although this denial ultimately resulted in her termination, the termination is not the basis of her retaliation claim. Therefore, the Sixth Circuit jurisprudence provided by Wal-Mart suggesting that it had a valid, non-discriminatory reason for terminating Scorsone is not directly on point.

B

With respect to causation, Scorsone contends that she has alleged a causal connection based on circumstantial evidence. Scorsone alleges that the causal connection is established based on four facts:

> (1) Defendant's failures to provide Plaintiff with an eligibility notice and a rights and responsibilities notice in violation of 29 C.F.R. § 825.300(b)-(c); (2) Defendant's failure to timely designate Plaintiff's leave as FMLA-qualifying, in violation of 29 C.F.R. § 825.300(d); (3) Defendant providing Plaintiff notice of her medical leave ending after the leave had already ended and Plaintiff's position was posted; and (4) Defendant's failure to comply with its obligations under its Personal Leave of Absence policy . . . ."

Resp. at 17.

Regarding her first three facts, Scorsone does not explain how the failure to provide timely FMLA notices is causally-related to the denial of her personal leave, except to suggest somewhat generally that it is circumstantial evidence of Wal-Mart's alleged hostility to her FMLA leave request. Wal-Mart's alleged failure to comply with FMLA obligations could show a causal connection between Scorsone's FMLA leave and the denial of her request for personal leave. Accordingly, taking the facts in a light most favorable to Scorsone, she has alleged a prima facie case of FMLA retaliation based on Wal-Mart's denial of her request for personal leave.

However, having established that, for purposes of Wal-Mart's motion to dismiss, Scorsone has alleged a prima facie case of FMLA retaliation, the Court must now consider whether Wal-Mart's proffered reason for the denial of her personal leave was pretextual. If an employer would have taken the same adverse action against an employee if FMLA leave had not been taken, an employer will not be held liable. *Edgar*, 443 F.3d at 508. Wal-Mart claims to have proffered a valid, non-discriminatory reason for denying Scorsone's request for personal leave: she failed to comply with medical certification requirements.

Wal-Mart's personal leave policy provides that "[t]o properly use this benefit, you are responsible to provide advance notice, accurate information, submit the proper forms and use the leave for the reason you requested and Wal-Mart approved. Failure to do so may result in your leave being denied or subject you to disciplinary actions up to and including termination." Mot. Dismiss Ex. 6 at 2. More specifically, Wal-Mart's personal leave policy required Scorsone to apply for personal leave and provide medical certification within fifteen days: "You must submit the applicable Certification Form in order to qualify for Personal Leave. You must submit the Certification Form within 15 days of receipt of the form and/or within 15 days of your request for leave." Ex. 4.

Scorsone admits that she did not provide the requested medical certification within the required 15-day period, despite the warnings provided on the application and by Ms. Gully, the HR representative. *See* Am. Compl. ¶ 27. Scorsone received the Leave of Absence paperwork from Ms. Gully on December 20, 2012. Scorsone did not return the completed paperwork until January 10, 2013—twenty days later. Scorsone did not comply with the procedures for requesting a Leave of Absence, and therefore Wal-Mart had a legitimate, non-retaliatory motive for denying her request for personal leave.

Because Wal-Mart has offered a legitimate, non-retaliatory explanation for the adverse action, the burden shifts back to Scorsone to show that the proffered reason is merely pretextual. *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). When attempting to show that the proffered reason is pretextual, "the burden of persuasion is with the plaintiff at all times." *Weigel v. Baptist Hops. of E. Tenn.*, 302 F.3d 367, 377 (6th Cir. 2002).

Scorsone alleges that the primary reason her application for a Leave of Absence was delayed was because she could not get a medical certification from her physician in time. However, she emphasizes that she had already secured a medical certification and provided it to Wal-Mart. ECF No. 19, Ex. 1 at 5. That medical certification made clear that Scorsone would be unable to return to work until February 1, 2013. Despite already having a medical certification, Wal-Mart denied Scorsone's request for personal leave "because Defendant did not receive the paperwork from Dr. Nahata"; and this denial was, apparently, without consideration of Dr. Nahata's availability during the end of December. Am. Compl. ¶ 26. That Wal-Mart knew that Scorsone would be unable to work based on a prior medical certification is a sufficient allegation of prextext to survive Wal-Mart's motion to dismiss. Assuming, as the Court must, that the facts alleged in Scorsone's complaint are true, dismissal is not warranted.[1]

## IV

Accordingly, it is **ORDERED** that Wal-Mart's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 19) is **DENIED**.

Dated: May 28, 2014

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[1] As an alternative argument, Scorsone contends that Wal-Mart's motion to dismiss must be denied pursuant to the law of the case doctrine. More specifically, Scorsone asserts that this Court has already implicitly determined that her retaliation claim is not futile because it allowed her to amend her original complaint to add the retaliation claim. The Court need not consider this argument, however, because Scorsone has sufficiently alleged a claim for FMLA retaliation.

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 28, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS